UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

CIVIL ACTION NO: 11-cv-422-JBC-CJS

CHARLES L. SIMPSON                                                          PETITIONER

v.                          **REPORT AND RECOMMENDATION**

JAILER J. JONES, ET AL.                                                     RESPONDENTS

* * * * * * * * * * * *

On December 22, 2011, Petitioner, *pro se*, filed a habeas corpus petition. (R. 1). This filing was docketed by the Clerk as a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 because Petitioner claimed to be in state custody.[1] In addition, Petitioner filed several letters and documents with the Court relating to his habeas petition[2] (*see* R. 2, 3, 5, 6, 7, 9, 10), as well as a Motion for Writ Pre-Exempting Commonwealth of Kentucky Woodford County Indictment # 12cr0003 (R. 11) and a "Supplemental to Additional Pleadings & Motion of Pre-exemption of Woodford Co. Indictment # 12cr0003."[3] (R. 15). Because Petitioner's initial filing was lacking in requisite detail, Petitioner was ordered to file a completed AO Form 241, Petition Under 28 U.S.C.

---

[1]Petitioner is no longer in state custody. (*See* R. 19). Petitioner indicated in his Notice of Change of Address that his current mailing address is a residential address. (*Id.*). Further, inquiries to the Woodford County Circuit Court revealed that Petitioner has been released on bond.

[2]In these filings, Petitioner filed case histories for several of his civil cases, as well as further written explanations of said cases.

[3]A review of these motions reveals that each requests the same relief - a writ "pre-exempting" the Woodford County indictment. (R. 11, 15). Although docketed as Motion to Supplement the Record (R. 15), Petitioner does not request that the record be supplemented. In said filing, Petitioner attached additional case histories, which the Court has reviewed and considered. Petitioner's request for a writ "pre-exempting" the Woodford County indictment is addressed in section 2B below.

§ 2254 for Writ of Habeas Corpus by a Person in State Custody, which he did on February 1, 2012 (R. 13).[4]

Consistent with local practice, the matter has been referred to the undersigned for initial consideration and preparation of a Report and Recommendation pursuant to 28 U.S.C. § 636(b). For the reasons set forth below, it is herein **recommended** that the District Court **dismiss** Petitioner's Petitions for Writ of Habeas Corpus.

I.     **Preliminary Review**

Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254 provides for preliminary review by this Court prior to serving the Respondent(s) with a copy of the Petition and requiring a response. Rule 4 specifically instructs trial courts that "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Preliminary review by this Court mandates dismissal of the Petition without requiring a formal response to be filed because Petitioner is not presently in custody pursuant to a state court judgment. Further, Petitioner's challenge to the Woodford County, Kentucky indictment for which he was being held pretrial should be dismissed for failure to exhaust state remedies. Since it plainly appears that Petitioner is not entitled to relief, Rule 4 mandates that the Petition be dismissed without requiring Respondent to formally answer.[5]

---

[4]Petitioner filed his Petition for Writ of Habeas Corpus in this Court without citing which federal habeas statute he was proceeding under. (R. 1). Since he claimed to be in state custody, Petitioner was sent the form petition for § 2254 habeas cases, which he filled out and returned to the Court. (R. 13).

[5]Regardless of whether this Petition is viewed as one presented under § 2254 or under § 2241, as will be later discussed, a Rule 4 dismissal is appropriate. The Rules Governing Section 2254 Cases may be applied to other types of habeas petitions at the discretion of the district court. *See* Rule 1(b), Rules Governing Section 2254 Cases ("The district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a).").

II.     Analysis

   A.     Petitioner's Challenge to the 2005 Judgment

In his form Petition, Petitioner challenges his state-law conviction for what appears to be civil contempt for "failure to appear" and "failure to pay," for which he claims he was incarcerated for five months and twenty-nine days.[6] (R. 13, at 1). In a subsequent filing with the Court, Petitioner argues again that he is challenging his April 12, 2005, judgment of conviction for civil contempt. (R. 15, at 1). As a basis for his present challenge to the 2005 judgment, Petitioner claims that his prior conviction for civil contempt in his child support case has created a "nexus" to his current criminal indictment for flagrant non-support for which he was being detained pretrial. (R. 13, at 4).

Section 2254(a) requires that a "habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989) (per curiam). The "in custody" requirement is jurisdictional; if a habeas petitioner is not "in custody" for the conviction or sentence he is challenging, then the petition must be dismissed for lack of subject matter jurisdiction. *Id.* at 491; *Steverson v. Summers*, 258 F.3d 520, 523 (6th Cir. 2001). A habeas petitioner is no longer "in custody" pursuant to a conviction when the sentence for that conviction has expired. *White v. Kapture*, 42 F. App'x 672, 673-74 (6th Cir. 2002).

Here, the Court cannot entertain whether to grant relief under § 2254 because Petitioner is not in custody pursuant to the state court judgment he now challenges; his sentence for that

---

[6]Petitioner actually indicated that he was sentenced to a term of "5 months 29 nine days." (R. 13, at 1). However, the Court assumes that this was merely an error as Petitioner states in a prior filing that he was sentenced to five months and twenty-nine days. (*See* R. 1, at 4).

3

conviction has long since expired.[7] *See id.* ("White may not directly attack his 1991 convictions . . . through the instant petition because he is no longer 'in custody' pursuant to those convictions, whose sentences have expired."). Petitioner contends that the pending criminal indictment against him for flagrant non-support is related to his previous conviction for failure to pay court-ordered child support; however, he has offered no legal basis for his argument that he is currently "in custody" for that 2005 civil contempt conviction. Therefore, the Court lacks subject matter jurisdiction to review Petitioner's Petition challenging his 2005 conviction pursuant to § 2254.

      **B.**      **Petitioner's Challenge to the Woodford County Indictment**

Petitioner also challenges the pending Woodford County, Kentucky, criminal indictment for flagrant non-support as a "collateral estoppel." (R. 13). Petitioner requests that this Court issue a writ "pre-exempting" this Woodford County indictment. (R. 11, 15). As Petitioner was a pretrial detainee at the time he filed the instant Petition, a habeas petition under 28 U.S.C. § 2241 would be his only plausible avenue of relief. *See Phillips v. Court of Common Pleas, Hamilton Cnty., Ohio*, 668 F.3d 804, 809 (6th Cir. 2012) ("[H]e is in custody *pursuant to an indictment*. Section 2254, therefore, by its own terms, does not apply to Phillip's petition, and it would be error to apply § 2254 here. We have long recognized that pretrial detainees pursue habeas relief instead under § 2241.") (emphasis in original). Although Petitioner never indicated that he wished to proceed under § 2241, Petitioner still has the right to have the correct standards applied to his Petition. *See id.* (citing

---

      [7]A petitioner may use a § 2254 petition as an avenue to attack a sentence he/she is currently serving, which sentence was enhanced by an allegedly invalid prior conviction. *See Lackawanna Cnty. District Attorney v. Coss*, 532 U.S. 394 (2001). Here, because Petitioner has not yet been tried or convicted for his charge of flagrant non-support, there is no state *sentence* for Petitioner to attack, assuming *arguendo* that sentence was somehow enhanced by the allegedly invalid 2005 conviction for which the sentence has expired.

*Brown v. Smith*, 551 F.3d 424, 428 (6th Cir. 2008)). Therefore, given the liberality afforded to *pro se* petitions, the Court will analyze Petitioner's motion request to "pre-exempt" the Woodford County, Kentucky indictment as a request under § 2241, since he is currently "in custody" pursuant to an indictment.[8]

As stated above, Petitioner asks that this Court interfere with the state criminal proceedings against him, claiming that said proceedings are "illegal" because, he asserts, they are the result of a "null and void judgment." (R. 15, at 3; R. 13, at 13). Petitioner informed the Court that he has also filed a motion to quash the indictment he now challenges in his state court case. (R. 13, at 13). It is well-settled that a federal court should not interfere in pending state criminal proceedings without the threat of an "irreparable injury" that is "both great and immediate." *Younger v. Harris*, 401 U.S. 37, 46 (1971). Intrusion into such state court proceedings is warranted only in the most extraordinary circumstances. *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489 (1973). The Sixth Circuit has only recognized three such exceptional circumstances: (1) when the petitioner seeks a speedy trial, *Atkins v. Michigan*, 644 F.2d 543, 546 (6th Cir. 1981); (2) when the petitioner seeks to avoid a second trial on the basis that it would violate the Double Jeopardy Clause, *Delk v. Atkinson*, 665 F.2d 90, 93 (6th Cir. 1981); and (3) when the petitioner seeks to challenge the state's attempt to retry him rather than allow him to accept an initial plea offer originally rejected due to ineffective assistance of counsel, *Turner v. Tennessee*, 858 F.2d 1201, 1205 (6th Cir. 1988), *vacated on other grounds*, 492 U.S. 902 (1989). *See, e.g.*, *Pruitt v. Ohio*, No. 1:10cv313, 2010 WL 2607246, at *2 (S.D. Ohio May 19, 2010). Even if such extraordinary circumstances exist, the

---

[8] Although Petitioner has since been released and remains on bond, he is still "in custody" for purposes of his § 2241 habeas petition. *See Phillips v. Court of Common Pleas, Hamilton Cty., Ohio*, 668 F.3d 804, 809 n.2 (6th Cir. 2012) (citing *Justices of Boston Mun. Ct. v. Lydon*, 466 U.S. 294, 300-01 (1984)).

petitioner must first exhaust available state court remedies before bringing a habeas corpus petition. *See Braden*, 401 U.S. 484; *Atkins*, 644 F.2d at 546, *cert. denied*, 452 U.S. 964 (1981). *See also Pruitt*, 2010 WL 2607246, at *2.

Here, Petitioner has not argued any of these three exceptional circumstances. Therefore, under the *Younger* abstention doctrine, this Court cannot intervene in the pending state criminal case against Petitioner. Further, it plainly appears from the face of the Petition that Petitioner has not exhausted available state court remedies before filing his present Petition for Writ of Habeas Corpus, as a review of the public docket sheet in Petitioner's state criminal case reveals that the case is ongoing. Consequently, dismissal of the Petition is appropriate.

### III.     Certificate of Appealability

Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Proceedings, effective December 1, 2009, the district court must issue or deny a certificate of appealability (COA) when it enters a final order adverse to the applicant. A certificate of appealability may issue only if a defendant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court has rejected a defendant's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id*. "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the

petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists would not debate the denial of Petitioner's § 2254 motion or conclude that the issues presented are adequate to deserve encouragement to proceed further. *See Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, it is further recommended that a certificate of appealability be **denied** upon the District Court's entry of its final order in this matter.

### IV.     Conclusion and Recommendation

For the reasons stated herein, **IT IS RECOMMENDED** that:

(1)     Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (R. 1, 13) be **DISMISSED WITH PREJUDICE**;

(2)     Petitioner's Motion for Writ Pre-Exempting Commonwealth of Kentucky Woodford County Indictment #12cr0003 (R. 11), construed by the Court as a Petition for Habeas Corpus pursuant to 28 U.S.C. § 2241, be **DISMISSED WITHOUT PREJUDICE**;

(3)     Petitioner's Supplemental to Additional Pleadings & Motion of Pre-exemption of Woodford Co. Indictment # 12cr0003 (R. 15) is **GRANTED IN PART** to the extent that it requests the Court to consider the filings submitted with said Motion, and **DISMISSED WITHOUT PREJUDICE** to the extent that it again requests a Writ Pre-Exempting Woodford County Indictment #12cr0003; and,

(4)     this action be **STRICKEN** from the active docket of this Court.

Specific objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service or further appeal is waived. Fed. R. Civ. P. 72(b)(2);

*Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984), *aff'd*, 474 U.S. 140, 155 (1985). A general objection that does not "specify the issues of contention" is not sufficient to satisfy the requirement of a written and specific objection. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (citing *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508-09 (6th Cir. 1991)). Poorly drafted objections, general objections, or objections that require a judge's interpretation should be afforded no effect and are insufficient to preserve the right of appeal. *Howard*, 932 F.2d at 509. A party may respond to another party's objections within fourteen (14) days of being served with a copy of those objections. Fed. R. Civ. P. 72(b)(2).

      Dated this 16th day of July, 2012.

**Signed By:**
*Candace J. Smith*
**United States Magistrate Judge**

G:\DATA\habeas petitions\2254PrelimsSOL\11-422 Jones R&R.wpd